| | | |
|---|---|---|
| **KENNETH MCPHERSON** | * | **IN THE** |
| Petitioner, | * | **CIRCUIT COURT** |
| v. | * | **FOR** |
| **STATE OF MARYLAND** | * | **BALTIMORE CITY, Part 20** |
| Respondent. | * | Case No. 194290007 |
| | * | Petition No. 9600 |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND OPINION

Petitioner filed a petition for post conviction relief pursuant to the Uniform Post Conviction Act, Maryland Annotated Code, Criminal Procedure § 7-102, and Maryland Rule 4-401, *et seq.*

### I.   STATEMENT OF FACTS

On October 17, 1994, Petitioner was indicted on charges of murder and conspiracy to commit murder in connection with the shooting death of Anthony Wooden on August 31, 1994. At his arraignment on November 15, 1994, Petitioner pleaded not guilty to both counts. On May 18, 1995, a jury found Petitioner not guilty of murder, but guilty of conspiracy to commit murder. A disposition hearing was held on July 5, 1995, at which Judge Elsbeth L. Bothe sentenced Petitioner to a life sentence to begin on September 6, 1994.

Petitioner filed an appeal to the Court of Special Appeals of Maryland on July 10, 1995.[1] On July 29, 1996, the Court of Special Appeals issued its mandate affirming Petitioner's

---

[1] The Court was unable to ascertain the grounds for Petitioner's appeal to the Maryland Court of Special Appeals as they were not alleged in Petitioner's post conviction petition, nor were they contained in the Court file maintained in connection with Petitioner's criminal conviction.

1

conviction. Petitioner subsequently filed an Application for Review of Sentence on July 25, 1995. The three judge panel assigned to review Petitioner's sentence, consisting of Judges Paul A. Smith, Robert I. H. Hammerman, and Edward J. Angeletti, issued an order on September 13, 1995 unanimously affirming Petitioner's life sentence.

Petitioner filed his *pro se* petition for post conviction relief on August 25, 2005.[2] On October 11, 2005, Petitioner filed an Amended Post Conviction Petition and Motion to Deny Respondent's Motion to Dismiss ("Amended Petition"). A hearing was set for February 16, 2006, but was postponed by the Court to permit Petitioner's attorney to file an Entry of Appearance. On February 23, 2006, counsel for Petitioner filed a Supplement to Petition for Post Conviction Relief ("Supplement"). A hearing was held on March 14, 2006, at which time the Court heard the testimony of Petitioner and the arguments of counsel. The March 14, 2006 hearing was continued to June 14, 2006, to allow the State to present evidence as well. On April 5, 2006, Petitioner filed a Post-Hearing Memorandum of Proposed Findings of Facts and Conclusions of Law. Petitioner was represented by Assistant Public Defender Margaret Lanier. The State of Maryland was represented by Assistant State's Attorney Sharon Holback.

## II.   ALLEGATIONS OF ERROR

Petitioner alleges that he was denied the right to due process, and the right to effective assistance of trial counsel. Petitioner' Amended Petition alleges six grounds of ineffective assistance of trial counsel. Petitioner's allegations are quoted verbatim to ensure accuracy. *Cf.*

---

[2] The instant post conviction petition is the first filed by Petitioner pursuant to Md. Code Ann., Crim. Proc. Art. § 7-103(a). Petitioner is not subject to the 10 year statute of limitations regarding the filing of a post conviction petition as contemplated by Md. Code Ann., Crim. Proc. Art. § 7-103(b), because Petitioner was sentenced prior to October 1, 1995.

*Baldwin v. Warden*, 243 Md. 326, 328 (1966) (quoting post conviction arguments verbatim).

Petitioner's allegations are as follows:

a. "The Petitioner was denied effective assistance of counsel, in that trial counsel failed to abject to the judge's recommendation to the prosecution as to what evidence to present;

b. The Petitioner was denied effective assistance of counsel, in that trial counsel failed to object to the judge's improper jury instruction on reasonable doubt; and

c. The Petitioner was denied effective assistance of counsel because trial counsel failed to object to, or request a continuance to investigate, the State's untimely disclosure of exculpatory evidence in violation of Maryland Rule 4-263(a); and

d. The Petitioner was denied effective assistance of counsel because trial counsel failed to present available exculpatory evidence; and

e. The Petitioner was denied effective assistance because trial counsel failed to impeach State's witness with State's memorandum regarding payments to witness; and

f. The Petitioner was denied effective assistance of counsel based on the cumulative errors alleged herein."

Petitioner's Supplement alleges two additional allegations of error not raised in Petitioner's Amended Petition. The Supplement alleges that Petitioner received ineffective assistance of counsel as a result of an actual conflict of interest occasioned by trial counsel's representation of Petitioner and a jointly tried co-defendant. The supplemental pleading also contends that the State withheld exculpatory evidence from trial counsel, thereby violating Petitioner's right to due process pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

### III. PROCEDURAL LIMITATIONS: WAIVER

Under Maryland's Uniform Post Conviction Act, § 7-101 *et seq.* of the Criminal

Procedure Article of the Maryland Annotated Code, a petitioner's allegations of error must overcome several procedural barriers, one of which is waiver. Regarding waiver, § 7-106(b) states the following:

> (1)(i)...an allegation of error is waived when a petitioner could have made but intelligently and knowingly failed to make the allegation:
> 1. before trial;
> 2. at trial;
> 3. on direct appeal, whether or not the petitioner took an appeal;
> 4. in an application for leave to appeal a conviction based on a guilty plea;
> 5. in a habeas corpus or coram nobis proceeding began by the petitioner;
> 6. in a prior petition under this subtitle; or
> 7. in any other proceeding that the petitioner began.
>
> (ii) 1. Failure to make an allegation of error shall be excused if special circumstances exist.
> 2. The petitioner has the burden of proving that special circumstances exist.
>
> (2) When a petitioner could have made an allegation of error at a proceeding set forth in paragraph (1)(i) of this subsection but did not make an allegation of error, there is a rebuttable presumption that the petitioner intelligently and knowingly failed to make the allegation.

Md. Code Ann., Crim. Proc. § 7-106 (2001).

In *Cirincione v. State*, 119 Md. App. 471, *cert. denied*, 350 Md. 275 (1998), the Court of Special Appeals further delineated what constitutes waiver of a petitioner's allegations of error. The Court held that allegations based on fundamental rights require a knowing and intelligent waiver. *Cirincione*, 119 Md. App. at 511-12. The right to counsel and the right to due process are fundamental rights and, therefore, cannot be waived by mere failure to raise the issue on a previous occasion.[3] Upon review of the record, there is no evidence that Petitioner made an

---

[3] *See Davis v. State*, 285 Md. 19 (1979), and *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

intelligent and knowing waiver of his right to effective assistance of counsel, or of his right to due process. As such, Petitioner is not deemed to have waived these rights previously.

## IV.   DISCUSSION

In order to establish a claim of ineffective assistance of counsel, the petitioner must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Bowers v. State*, 320 Md. 416 (1990). The burden of proof lies with the petitioner with respect to both prongs of the *Strickland* test. *Cirincione*, 119 Md. App. at 484-85. If a hearing judge decides that either prong of *Strickland* is not proven, they may deny relief without considering the other prong. *Oken v. State*, 343 Md. 256, 284(1996), *cert. denied*, 519 U.S. 1079 (1997). It should be noted, however, that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Regarding the first prong of the test, the Court concluded that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. With respect to the second prong, the Court indicated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Ultimately, to prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Maryland Court of Appeals, however, further "interpreted the prejudice component

to require a substantial or significant possibility, rather than a reasonable probability, that but for counsel's unprofessional errors the result of the proceeding would have been different." *State v. Thomas*, 328 Md. 541, 557, (1992) (citing *Bowers v. State*, 320 Md. 416, 425-27 (1990)).[4] The Court also held that the "prejudicial effect of counsel's deficient performance need not meet a preponderance of the evidence standard." *Bowers v. State*, 320 Md. 416, 425 (1990).[5]

### (a) "The Petitioner was denied effective assistance of counsel, in that trial counsel failed to abject to the judge's recommendation to the prosecution as to what evidence to present"

Petitioner alleges in his amended post conviction petition that trial counsel rendered ineffective assistance of counsel by failing to object to Judge Bothe's suggestion that the Assistant State's Attorney not present a witness at trial. The crux of Petitioner's allegation concerns the conduct of the trial judge rather than the conduct of defense counsel. Relying on the Maryland Code of Judicial Conduct as well as *Johnson v. State*, 352 Md. 374 (1999), Petitioner states that, "...it is inappropriate for the judge to advise either party on what evidence to present." *See* Petitioner's Amended Post Conviction Petition at 11. Petitioner's allegation is misguided and fails to provide a basis under which this Court may grant relief pursuant to *Strickland*.

In *Oken v. State*, 343 Md. 256, 295 (1996), the court noted that, "the decision to interpose objections during trial is one of tactics and trial strategy." The Court in *Oken* agreed with the lower court's finding that, "objections at trial...are tactical decisions best left to the discretion of

---

[4] The Court more recently reiterated that they "interpreted the reasonable probability standard from [*Strickland*] to mean a 'substantial possibility that . . . the result of [the] trial would have been any different.'" *Conyers v. State*, 367 Md. 571, 598-99 n.3, (2002) (citations omitted).

[5] The Maryland Court reached this conclusion upon considering the Supreme Court's statement that "a defendant need not show that counsel's deficient conduct more likely that not altered the outcome in the case." *Bowers*, 320 Md. at 425 (quoting *Strickland*, 466 U.S. at 693).

6

trial counsel." *Id.* As such, under the *Strickland* standard for ineffective assistance of counsel, it would be inappropriate for the Court to determine that trial counsel's performance was deficient for failing to object when, in the instant matter, such decision was "within the range of reasonably competent representation." *Id* at 298.

Petitioner does not allege any basis to support his contention that trial counsel's failure to object to the Judge's recommendation prejudiced the outcome of the proceedings. Under *Strickland*, not only must counsel's performance be deficient, but "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Nowhere in Petitioner's initial post conviction petition, nor in his amended petition, does Petitioner contend that counsel's deficient performance prejudiced the outcome of the proceeding.

The trial transcript gives proper context to Petitioner's allegations. At trial, the witness that the State intended to call, but for the Court's recommendation, was the medical examiner who performed the autopsy of Mr. Wooden. Knowing that such testimony was not required to prove Mr. Wooden's cause of death, the Court recommended that the State not call the medical examiner as a witness, and the State agreed. Tr. 5/16/95 at 7. Nonetheless, trial counsel's failure to object to the Court's recommendation would in no way prejudice the outcome of the trial, since the cause of death was introduced into evidence, by way of stipulation, as State's Exhibit 15. *Id* at 10-11.

Upon review of the transcript and the arguments of the State, the Court is unpersuaded that there is sufficient evidence to undermine the outcome of the proceeding based on the Court's recommendation not to call the witness. Though a court may deny relief if Petitioner fails to

7

satisfy either prong, in this instance, Petitioner has failed to satisfy both prongs of the *Strickland* test. *Oken*, 343 Md. at 284.

> (b) **"The Petitioner was denied effective assistance of counsel, in that trial counsel failed to object to the judge's improper jury instruction on reasonable doubt"**

Petitioner alleges that he was denied effective assistance of counsel for trial counsel's failure to object the Judge Bothe's improper jury instruction regarding the standard for reasonable doubt.[6] Relying on *Himple v. State*, 101 Md. App. 579 (1994), Petitioner alleges that the reasonable doubt instruction given by the Judge Bothe was improper because it "incorrectly equates proof beyond a reasonable doubt with the lower degree of certainty that jurors possess when they make important decisions in their lives." *See* Amended Petition a 12. In pertinent part, the Court's instruction on May 16, 1995 stated,

> Proof beyond a reasonable doubt requires such proof as would convince you of the truth of a fact to the extent that you would be willing to act upon such belief <u>without reservation in an important matter in your own business or personal affairs</u>.

Tr. 5/16/1995 at155 (emphasis added).

As noted *supra*, "objections at trial...are tactical decisions best left to the discretion of trial counsel." *Oken,* 343 Md. at 294. Additionally, trial counsel is generally required to know and comply with the law. *Wright v. State*, 33 Md. App. 68 (1976). As such, failure to state an objection to the Court's jury instruction cannot be construed as deficient performance unless trial counsel's failure is due to counsel's lack of knowledge regarding the law.

Petitioner's post conviction petition is devoid of any facts alleging trial counsel's lack of

---

[6] Upon review of the record, trial counsel did not object to the jury instruction given by the Court.

8

knowledge. Furthermore, Petitioner's reading and application of *Himple* is far too narrow to establish that the Court's jury instruction was improper. At issue in *Himple* is whether the lower court's reasonable doubt jury instruction was sufficient without containing the language "without reservation." *Himple*, 101 Md. App. at 581. Though the court states that it is not an accurate comparison to, "equate the degree with which people make important decisions in their everyday life with the reasonable doubt standard...The important language in that portion of the pattern instruction that makes it a proper comparison is the language 'willing to act...*without reservation*.'" The *Himple* court went on to note that, "[i]t is the language '*without reservation*' that tends to impart to the jury the degree of certainty that elevates the comparison in the direction of the reasonable doubt standard." Upon reviewing the Court's instruction, it is evident that the instruction contained the requisite "without reservation" language. Accordingly, the Court finds that trial counsel's performance was not deficient with regard to an objection to the reasonable doubt jury instruction. For the reasons stated in *Oken*, the Court need not address the second prong of *Strickland* regarding prejudice.

> (c) **"The Petitioner was denied effective assistance of counsel because trial counsel failed to object to, or request a continuance to investigate, the State's untimely disclosure of exculpatory evidence in violation of Maryland Rule 4-263(a)"**

Petitioner alleges that trial counsel's failure to object to the untimely disclosure of an exculpatory statement by a State's witness, in violation of Md. Rule 4-263(a), rendered counsel's representation ineffective. As noted throughout, objections at trial are tactical decisions well within trial counsel's discretion. *Oken*, 343 Md. at 294. Petitioner's amended petition fails to allege any facts or law to support the allegation that counsel's failure to object to the untimely

9

disclosure constituted deficient performance. Petitioner failed to meet his burden in proving the deficient performance prong of *Strickland*. Therefore, the Court may deny Petitioner's request for relief without considering the other prong. *Id* at 284. Having found no evidence in support of Petitioner's claim, the Court will deny Petitioner's request for relief predicated on counsel's failure to object.

Petitioner further alleges that counsel's failure to investigate the exculpatory evidence disclosed by the State constituted ineffective assistance of counsel. In such cases, it is generally held that,

> counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments.

*Harris v. State*, 303 Md. 685, 716 (1985) (citing *Strickland*, 466 U.S. at 2066). In *Harris*, the Court found that counsel did not render ineffective assistance in failing to investigate and locate an individual that may have been the "wheelman" in a robbery. *Id* at 717.

In the instant case, the Court is persuaded that counsel conducted a reasonable investigation given the circumstances. During trial on May 15, 1995, upon receiving the State's disclosure, trial counsel requested the Court to issue a summons for the State's witness, as well as request that a Sheriff immediately serve the summons on the witness. Tr. 5/15/95 at 153-54. On May 16, 1995, when it became apparent that the initial summons was defective, counsel requested that the Court issue another summons, and have the Sheriff serve the subsequent summons on the witness. Tr. 5/16/95 at 30-33. Since the police department was also unable to locate the witness, counsel requested, and the Court ordered, that the Sheriff, if possible, take

10

the witness into custody and bring her to court to testify. *Id* at 33. The State's witness was never located and, therefore, never testified at trial. Under these circumstances, the Court is persuaded that trial counsel rendered effective assistance by making a reasonable investigation and effort to locate the State's witness pursuant to *Harris*.

(d) **"The Petitioner was denied effective assistance of counsel because trial counsel failed to present available exculpatory evidence"**

Petitioner alleges that trial counsel failed to present co-defendant Daniel Ellison as a witness at trial, and that counsel's failure to do so rendered the representation deficient and ineffective. The evidence at issue was the pre-trial statement of Daniel Ellison wherein he provided the names and descriptions of the individuals involved in the murder. None of this information, as Petitioner contends, implicated Petitioner's involvement in the shooting.

It is recognized law in Maryland that failure of trial counsel to present evidence that should be presented constitutes a deficient act. *Carroll v. Warden*, 1 Md. App. 474 (1967). However, counsel is not required to call every conceivable witness. *State v. Mahoney*, 16 Md. App. 193 (1972). In order to prove that counsel was deficient in failing to call a particular witness, Petitioner must show that (1) counsel was or should have been aware of the witness, *see Soria v. Johnson*, 207 F.3d 232, 251 (5th Cir.); (2) the witness was available for trial, *see State v. Lloyd*, 48 Md. App. 535 (1981); (3) the subject testimony expected to be presented by the witness would be admissible, *see* Md. Rule 5-101, *et seq.*; (4) the witness was credible, *see State v. Lloyd, supra*; (5) the witness possessed helpful, non-cumulative evidence, *see Cirincione v. State*, 119 Md. App. at 489; and (6) there was no valid tactical reason for trial counsel's not calling the witness, *see Id* at 485. Ultimately, "[i]t is...appellant's burden to

11

overcome the dual presumptions that the allegedly deficient act or omission was the result of trial strategy and that the strategy was a sound one." *Id*.

Applying the foregoing, the Court is persuaded that trial counsel's representation was not ineffective. Petitioner failed to present sufficient evidence to overcome the presumption that trial counsel's deficient act was the result of sound trial strategy, especially in light of the fact that trial counsel was aware of Ellison's statement well before the hearing.[7] For the reasons stated in *Oken*, the Court need not address the second prong of *Strickland* regarding prejudice.

    (e)    **"The Petitioner was denied effective assistance because trial counsel failed to impeach State's witness with State's memorandum regarding payments to witness"**

Petitioner alleges that trial counsel rendered ineffective assistance of counsel in failing to impeach the State's witness, Diane Bailey, on re-cross examination with a memorandum setting out payments made to the witness while in the witness protection program. Petitioner stated in the Amended Petition that, "Bailey testified that she was not given anything material while in the witness protection program. (T. 5/15/95, at 255:5-258:6)." *See* Amended Petition at 18. When a memorandum was produced during trial setting forth the expenses paid to the witness while in the witness protection program, Petitioner contends that counsel was deficient for failing to impeach the witness using the memorandum. *Id* at 19. Petitioner alleges that counsel was also deficient for failing to introduce the memorandum into evidence for the jury to consider during deliberations. *Id*.

Petitioner's allegation of ineffective assistance turns on whether trial counsel was

---

[7] At the June 14, 2006 post conviction hearing, the State offered its Amended State's Disclosure as Exhibit 1 which indicated that Mr. Ellison's statement was produced to trial counsel on or about January 9, 1995.

12

deficient for failing to impeach the witness. Under *Bowers*, it has been deemed to be ineffective assistance for trial counsel to fail to present evidence that rebuts critical evidence. *Bowers, 320 Md. at 427*. However, evidence is not required to be presented unless it is shown that it would have been helpful. *Veney v. Warden*, 259 Md. 437, 451 (1970). Though it is not required to ask specific questions suggested by the defendant, defense counsel should conduct an appropriate cross-examination. *Pennsylvania v. Ritchie*, 480 U.S. 39, (1987).

In the instant case, the memorandum and impeachment testimony was not crucial in rebutting the State's evidence regarding the criminal charges due to the collateral nature of both the memorandum and the testimony. During trial, defense counsel questioned the witness regarding the benefits, if any, received during her participation in the witness protection program, prior to being provided with the State's memorandum. Tr. 5/15/95 at 226. When trial counsel subsequently received the document, he decided not to re-cross-examine Bailey, but reserved the right recall her if necessary. Ultimately, however, information regarding the benefits provided to Bailey was presented to the jury during closing argument, thereby limiting the potential prejudice to Petitioner's defense. Tr. 5/16/95 at 196. With regard to Petitioner's claim of ineffective assistance based on trial counsel's failure to enter the memorandum into evidence, Petitioner offers no evidence as to the admissibility of the memorandum had trial counsel desired to introduce it into evidence. Consequently, trial counsel's performance was not deficient for failing to introduce into evidence or to impeach Bailey with the State's memorandum, thereby permitting the Court to find that trial counsel did not render ineffective assistance.

### (f) "The Petitioner was denied effective assistance of counsel based on the cumulative errors alleged herein"

Petitioner alleges that the cumulative deficiencies of counsel's representation prejudiced the outcome of the trial, thereby providing a basis for this Court to rule that counsel's representation was ineffective. In *Bowers v. State*, the Court held that the cumulative effect of numerous errors may constitute an independent reason for ruling that trial counsel's representation was ineffective. *Bowers v. State*, 320 Md. 416, 437 (1990). "Even when individual errors may not be sufficient to cross the threshold, their cumulative effect may be." *Id* at 436. The court in *Mendes v. State*, 146 Md. App. 23, 53, (2002) (citing *Gilliam v. State*, 331 Md. 651, 686 (1993)), also noted that numerous interrelated errors in aggregate may amount to misrepresentation. Applying this reasoning, the Court further commented that, where the deficient acts are unrelated, there is no ineffective assistance of counsel because, mathematically, "twenty times nothing is still nothing." *Id* at 54.

Upon review of the entirety of Petitioner's allegations, the Court is not persuaded that there is an adequate factual basis for a finding of ineffective assistance of counsel predicated on the cumulative effect of trial counsel's errors. Given that Petitioner did not meet its burden in establishing ineffective assistance of counsel on its prior allegations of error, the Court will not grant Petitioner's request for relief based on the cumulative effect of trial counsel's errors.

### (g) Ineffective Assistance Of Counsel As A Result Of An Actual Conflict Of Interest

Petitioner's Supplement alleges that an actual conflict of interest arose as a result of trial counsel's representation of Petitioner and Petitioner's co-defendant (and brother) Eric Simmons ("Simmons"). As such, this conflict rendered trial counsel's representation ineffective. "In

14

testimony offered by Petitioner's witnesses was inconsistent with respect to Petitioner's location at the time of the shooting. To that end, Ms. McPherson's testimony did not undermine the credibility of the other alibi witnesses. In fact, her testimony was consistent with the other alibi testimony, in that, all of the witnesses, including Ms. McPherson, placed Petitioner at various locations, other than the crime scene, at the time of the murder.

In the instant case, the Court, having reviewed the transcript, finds that no actual conflict of interest arose during Ms. McPherson's testimony and it will deny Petitioner's request.

### (h) Violation Of Due Process For State's Failure To Disclose Exculpatory Evidence

Petitioner alleges that the State has an unwavering obligation to disclose exculpatory evidence, and its failure to do so at or before trial violated Petitioner's right to due process. Under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), the prosecution violates a defendant's right to due process when it withholds exculpatory evidence from the defendant. In the instant matter, Petitioner alleges that the State did not turn over the pre-trial statements of Daniel Ellison and Marcus King thereby violating Petitioner's right to due process.

The Court of Appeals, in *Conyers v. State*, 367 Md. 571, 597 (2002) (quoting *Wilson v. State*, 363 Md. 333, 345-47 (2001)), stated:

> In order to establish a *Brady* violation, Petitioner must establish "(1) that the prosecutor suppressed or withheld evidence that is (2) favorable to the defense – either because it is exculpatory, provides a basis for mitigation of sentence, or because it provides grounds for impeaching a witness – and (3) that the suppressed evidence is material." Evidence that is obviously favorable must be disclosed even absent a specific request by the defendant.

In discussing materiality, the Court went on to state, "The standard for measuring the materiality

17

of undisclosed evidence is strictest if it 'demonstrates that the prosecution's case includes perjured testimony and that the prosecution knew, or should have known, of the perjury.'" *Id.* In such cases, evidence will be considered material "if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* "In cases where there is no false testimony but the prosecution nonetheless fails to disclose favorable evidence, the standard for materiality...is whether, 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.*

In attempting to meet his burden, Petitioner alleges that both items of evidence should have been disclosed to trial counsel. Petitioner maintains that Mr. Ellison's statement was exculpatory evidence because, as an eye witness, he indicated that several individuals other than Petitioner committed the crime. Petitioner also contends that prior to trial, the State informed trial counsel that Marcus King made exculpatory statements regarding Petitioner's involvement. However, since these statements were contained in Mr. King's juvenile delinquency records, the State maintained that it could not turn over such evidence without a court order.

The State contends that there was no *Brady* violation, and in support thereof, offered State's Exhibit 1, the Amended State's Disclosure ("Disclosure").[8] The Disclosure indicates that certain information was furnished by the State to trial counsel including, *inter alia*, taped statements of Daniel Ellison and Marcus King. Based on the evidence before it, the Court finds that Petitioner's right to due process was not violated.

---

[8] The Certificate of Service indicates that the Disclosure was hand-delivered by Assistant State's Attorney Sharon Holback to trial counsel on January 9, 1995.

order to support a finding that a criminal defendant has been denied effective assistance of counsel because of a conflict of interest, the record must disclose that either an actual conflict of interest existed or that a conflict of interest was 'imminently potential.'" *Pressley v. State*, 220 MD. 558 [155 A.2d 494]." *Gee v. State*, 93 Md. App. 240, 247 (1992). In *Graves v. State*, 94 Md. App. 649, 658-59 (1994), the Court of Special Appeals stated that an actual conflict of interest exists when "an attorney...represent[s] in the same criminal case both the defendant and a co-defendant (or other individual) who testifies adversely to the defendant."

In the instant case, Petitioner alleges that the actual conflict of interest occurred when trial counsel called Petitioner's mother to the stand to offer alibi testimony. Petitioner's mother, Ms. McPherson, offered testimony that both of her sons, Petitioner and Simmons, were at home on the night of the shooting. However, the mother further testified that two to three minutes prior to the murder, Petitioner left the house and walked towards the location of the crime. Tr. 5/16/1995 at 125. According to Petitioner, this testimony directly contradicted the testimony of other alibi witnesses that placed Petitioner in front of his mother's house at the time of the murder. Petitioner contends that trial counsel knowingly elicited testimony exonerating Mr. Simmons, while implicating Petitioner. Such actions, as Petitioner contends, give rise to an actual conflict of interest, and render trial counsel's representation ineffective.

Having alleged deficient performance, Petitioner contends that in instances where an actual conflict of interest is shown, there is no need to show prejudice. As explained in *Lettley v. State*, 358 Md. 26 at fn. 4 (2000), Judge Raker stated:

> Embracing a less stringent rule for conflict of interest claims than for general ineffective assistance claims, quoting *Cuyler v. Sullivan*, 446 U.S. at 138, 100 S. Ct. 1708, the Court, in *dictum*, stated:

15

> [T]he rule is not quite the per se rule of prejudice that exists for the Sixth Amendment claims mentioned above. Prejudice is presumed only if the defendant demonstrates that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance. *Strickland*, 466 U.S. 692, 1045 S. Ct. 2052."

Under this holding, Petitioner argues that it is clear, given the actual conflict of interest present in the underlying proceedings, that Petitioner need not prove prejudice, since in such instances prejudice is presumed.

Alternatively, however, Petitioner alleges that even if prejudice is not presumed, he is able to show that the outcome of the trial was prejudiced by the conflict. Petitioner contends that the strength of the State's case was not great, because the two witnesses who testified against Petitioner were: (1) Diane Bailey, a witness who received financial benefits for her testimony against Petitioner; and (2) Marcus King, a minor who was also charged in the same crime, and who ultimately received a "deal" from the prosecution in exchange for his testimony. Consequently, the defense strategy involved discrediting the state's witnesses, as well as presenting alibi testimony. Under the circumstances, Petitioner alleges that the actual conflict of interest greatly undermined the alibi strategy and prejudiced the outcome of the trial.

The State contends that there was no conflict of interest, and in support of this position, it presents three points. First, the testimony elicited from Ms. McPherson indicated that Petitioner was walking down Federal Street towards Chapel Street. At the time when Ms. McPherson heard gunshots, Petitioner was walking up Chapel Street, not Washington Street where the murder occurred. Tr. 5/16/95 at 127-28. Second, had there been an actual conflict of interest, either the State, co-defendant's counsel or the Court would have recognized it, objected and moved for a mistrial. As it was, no one objected to the testimony. Third, all of the alibi

For the aforementioned reasons, the Petitioner's Petition for Post Conviction Relief is, **DENIED**.

Judge Albert J. Matricciani, Jr.

---

ALBERT J. MATRICCIANI, JR.
JUDGE    7/28/06

cc:  Kenneth L. McPherson #500-599
Maryland House of Corrections Annex
P.O. Box 534-x
Jessup, MD 20794-0534

Margaret Lanier, Esq.
Assistant Public Defender
Collateral Review Division
300 W. Preston Street, Room 213
Baltimore, MD 21201

Sharon Holback, Esq.
Assistant State's Attorney
111 N. Calvert Street, Room 308
Baltimore, MD 21202

TRUE COPY TEST

FRANK M. CONAWAY, CLERK