# IN THE
## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH MCPHERSON, ET AL. | * |
| *Plaintiffs*, | * |
| v. | * |
| | No. 20-cv-00795 SAG |
| BALTIMORE POLICE | * |
| DEPARTMENT, ET AL. | |
| | * |
| *Defendants*. | |

\* \* \* \* \* \* \* \* \* \* \* \*

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL BY STATE'S ATTORNEY FOR BALTIMORE CITY

The State's Attorney for Baltimore City, by her undersigned counsel, files this Response in Opposition to Plaintiffs' Motion to Compel.

At issue is whether the State's Attorney properly redacted documents produced and properly withheld a photograph and a recorded interview. All of the matters at issue relate to the protection of personal information which must remain confidential or issues relating to the protection of the identity of a juvenile.

In order to gain the cooperation of witnesses, the State's Attorney agrees to maintain confidentiality of the witness. The State's Attorney assures witnesses that she will not reveal personal identifying information unless she is required to do so (by law or court order). Accordingly, she will not voluntarily release names, addresses and other identifying information.

Obtaining witness cooperation in Baltimore City is challenging. Without providing confidentiality to witnesses, it approaches impossibility. Retaliation against witnesses is rampant. Witnesses and their families have been threatened, harmed and killed. The State's Attorney does not want the life of any resident of Baltimore jeopardized because he or she agreed to cooperate in an investigation of a prosecution or a conviction. Recently, during the investigation of the integrity of a conviction, a witness refused to cooperate unless he was given assurances that all identifying information would be kept confidential. The witness was terrified of retribution.

Confidentiality Agreements do not protect witnesses from retribution. There is no recourse for the threatened or harmed witness to proceed against the party that violates the agreement (especially where the agreement is breached inadvertently).

Federal Rule of Civil Procedure 26(b)(1) provides that the scope of discovery may be limited where the burden of the proposed discovery outweighs its likely benefit. Here, forcing the State's Attorney to divulge confidential information jeopardizes her ability to prosecute crime and to investigate the integrity of past convictions. The State's Attorney is concerned about the impact of the Court's decision on her ability to continue maintaining a Conviction Integrity Unit. Here, the need to protect victims outweighs the civil lawsuit parties' need for the redacted information. The burden of disclosure outweighs its likely benefit.

The State's Attorney did not renege on any agreement not to redact. Undersigned counsel indicated that she misunderstood the directive of the State's Attorney. Any communication error regarding redaction remains the sole responsibility of undersigned

counsel. Witness' lives should not be endangered due to a misunderstanding by undersigned counsel.

Finally, many of the redactions relate to the identity of a juvenile. Pursuant to Md. Code Ann., Cts. & Jud. Proc, § 3-8A-27, the State's Attorney is prohibited from revealing the name (and other identifying information) of a juvenile.

WHEREFORE, the State's Attorney for Baltimore City respectfully requests that this Honorable Court deny the Motion to Compel.

                                        Respectfully submitted,

                                        BRIAN E. FROSH
                                        Attorney General of Maryland

                                        /s/ Wendy L. Shiff
                                        _____
                                        WENDY L. SHIFF
                                        Federal Bar No. 09076
                                        Assistant Attorney General
                                        200 Saint Paul Place, 20th Floor
                                        Baltimore, Maryland  21202
                                        wshiff@oag.state.md.us
                                        (410) 576-6996
                                        (410) 576-6955 (facsimile)

April 28, 2021                              Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that, on this 28th day of April, 2021 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Wendy L. Shiff

_____

Wendy L. Shiff