IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | |
|---|---|
| KENNETH MCPHERSON AND ERIC SIMMONS | |
| Plaintiff, | Case No. 20-CV-00795-SAG |
| v. | Hon. STEPHANIE GALLAGHER District Judge |
| BALTIMORE POLICE DEPARTMENT, *et al.*, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFFS' REPLY TO THE STATE'S ATTORNEY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

NOW COME Plaintiffs Kenneth McPherson and Eric Simmons, by their undersigned attorneys, and state in reply the following:

**INTRODUCTION**

In 1995, Plaintiffs were convicted of the murder of Anthony Wooden, ("Wooden murder") a crime in which they had no involvement, and of which they were completely innocent. Dkt. 45 at 1. After 20 years, Plaintiffs' consistent claims of innocence were recognized, and Plaintiffs were exonerated. *Id.* at 2. Following their exonerations, Plaintiffs filed a civil lawsuit. Dkt. 1. As part of Plaintiffs' investigation into their claims, Plaintiffs served the Office of the State's Attorney for Baltimore City ("SAO") with a subpoena requesting documents relating to Plaintiffs' and their co-accused's prosecution for the Wooden murder and subsequent petitions for post-conviction relief. Dkt. 45-1. The Officer Defendants

also served a similar subpoena on the SAO. Dkts. 49, 49-1. In response, the SAO produced an extensively redacted file and withheld relevant materials. Dkts. 45 at 5-6, 49 at 2. Plaintiffs then filed a motion to compel the SAO to produce an unredacted version of their files and court transcripts, produce the photograph of an unnamed individual, and the recordings of interviews conducted by the SAO Investigator Brian Ellis and ASA Lauren Lipscomb. *Id.* at 1. The SAO opposed Plaintiffs' motion but does not point to any cognizable reason for failing to comply with the parties' subpoena, Dkt. 53. Plaintiffs reply to each of the SAO's arguments below.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26, a party is entitled to discover any material, even evidence that would not be admissible in court, if it is relevant to any party's claim or defense and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b). The scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules. Fed. R. Civ. P. 45; *see also* Advisory Committee Notes regarding 1991 Amendments to Rule 45(a)(2) (stating "non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34.").

## ARGUMENT

In its three-page response, the SAO does not cite to any privilege or facts that are specific to Plaintiffs' case to justify its failure to comply with the parties' subpoenas. Instead, the SAO resorts to speculation and unrelated hypothetical

2

fears. The analysis under Rules 26 and 45, however, is fact-specific, and the SAO has failed to make a single showing that any of its concerns about disclosure are applicable here. The SAO offers three main reasons for withholding responsive information and documents: (1) the State's Attorney makes secret agreements with witnesses in order to gain cooperation; (2) there may be witness retaliation if the witnesses' identities are disclosed; and (3) the protective order entered in this case is insufficient to protect the witnesses. Each argument is without merit and should be rejected by this Court.

First, there is no evidence that the SAO made secret agreements with witnesses during Plaintiffs' prosecution or during their reinvestigation. Moreover, if the SAO did make any such agreements during Plaintiffs' prosecution, this practice very well could have run afoul of Maryland's rules of discovery in criminal cases and the State's Attorney's *Brady* obligations. *See Brady v. Maryland*, 373 U.S. 83, 84 (1963); Md. Rule 4-263(d). Potential constitutional violations aside, seeking to uphold these backdoor agreements is all the more disconcerting in Plaintiffs' case where the SAO has publicly stated that during its reinvestigation it uncovered "multiple credible pieces of evidence, exculpating evidence, [that] support that neither [Plaintiff] conspired to commit nor committed [the Wooden] murder." Dkt. 1 at ¶ 85. Plaintiffs have alleged that they were framed by the Officer Defendants for the Wooden murder, and their wrongful conviction was, in part, the result of the Officer Defendants' withholding exculpatory information. As a result, the identities of witnesses, notwithstanding the State's Attorney's agreements with them, is

precisely the type of information that falls squarely within the purview of Rule 26 and is required to be disclosed to the parties. *Richardson v. Sexual Assault/Spouse Abuse Rsch. Ctr., Inc.*, 270 F.R.D. 223, 227 (D. Md. 2010) (holding that concerns for protecting confidentiality do not render information non-discoverable).

As to the hypothetical fear of witness retaliation, the SAO again does not point to any evidence that witness retaliation is an actual concern in this case. Dkt. 53 at 2. Plaintiffs were prosecuted almost 30 years ago, the two alleged eyewitnesses who testified at trial, Marcus King and Diane Bailey, are both deceased, and many of the individuals involved in this case have already been disclosed to the parties. See Dkts. 32 (Bailey and King's death certificates); 45-5 (Plaintiff's Letter to Wendy Shiff listing over 100 names of individuals the parties knew were involved in the Wooded investigation). The SAO's hypothetical concerns are not a recognized basis for withholding responsive information.

In two sentences, the SAO claims, without any legal or factual support, that a protective order is insufficient to "protect witnesses from retribution." Dkt. 53 at 2. This Court should reject this cursory argument as there is no reason to believe that (1) any witnesses are in danger; or (2) the parties will not observe the guidelines set forth in the protective order entered in this case. Dkts. 43, 43-1. Courts have consistently recognized that protective orders are the proper mechanism to alleviate concerns about confidentiality. *Virmani v. Novant Health Inc.*, 259 F.3d 284, n.4 (4th Cir. 2001); *Minter v. Wells Fargo Bank, N.A.*, 675 F. Supp. 2d 591, 597 (D. Md.

2009) (stating that the protective order entered in the case was sufficient to protect any confidential information).

Most notably, the SAO's argument does not acknowledge Plaintiffs' claims, the relevant defenses, or the fact that the parties cannot obtain this information from any other source. *See* Fed. R. Civ. P. 26(b)(1), 26(C)(i). In Plaintiffs' civil action Plaintiffs have alleged that the Officer Defendants fabricated and manipulated evidence, and withheld exculpatory evidence from the prosecutor, Plaintiffs, and Plaintiffs' counsel. Dkt. 1. Plaintiffs have further alleged that the prosecutor relied on this false evidence to indict and prosecute Plaintiffs. Dkt. 1 at ¶¶ 65-75. Based on these allegations, Plaintiffs have raised a violation of due process claim based, in part, on the suppression of exculpatory evidence, and malicious prosecution claims. Dkt. 1 at ¶¶ 118-132, 155-161. In order for the parties to support their claims and defenses, the parties need access to an unredacted version of the SAO's files, including the names of witnesses, to determine what evidence was disclosed to the prosecutor and which evidence the prosecutor relied on during grand jury proceedings and Plaintiffs' prosecution. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014) (holding that where plaintiff has brought a malicious prosecution clam, the plaintiff must show that the police officer deliberately supplied misleading information to the prosecutor, and this misconduct influenced the grand jury's decision); *Johnson v. Baltimore Police Dep't*, No. CV ELH-19-00698, 2020 WL 1169739, at *22 (D. Md. Mar. 10, 2020) (noting that in order to prevail on a Section 1983 claim based on *Brady* the plaintiff must show that the police officer withheld

5

material evidence that was favorable to the criminal defendant from the prosecutor in bad faith).

Finally, the SAO states that the many of its redactions relate to the identity of a juvenile. The parties are aware that court and police records pertaining to juveniles can only be disclosed pursuant to a court order. As such, Plaintiffs have filed an unopposed motion for a court order for Marcus King's police and court records. Dkt. 46 at n.1.

## CONCLUSION

This Court should reject the SAO's arguments and compel the SAO to produce (1) an unredacted version of its files and court transcripts; (2) the booking photograph of an unnamed individual; and (3) the recording of interviews conducted by the SAO Investigator Brian Ellis and ASA Lauren Lipscomb pursuant to the protective order entered in this case.

Respectfully submitted,

/s/ Renee Spence
*One of Plaintiffs' attorneys*

Jon Loevy*
Gayle Horn
Roshna Bala Keen*
Renee Spence*
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
Tel: 312-243-5900
Fax: 312-243-5902
*Admitted *pro hac vice*
Attorneys for Kenneth McPherson and Eric Simmons

## CERTIFICATE OF SERVICE

I, Renee Spence, an attorney, certify that on May 10, 2021, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Renee Spence