**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1938**

———————

KENNETH MCPHERSON; ERIC SIMMONS,

       Plaintiffs – Appellants,

  v.

DETECTIVE ROBERT PATTON; DETECTIVE FRANK BARLOW,

       Defendants – Appellees,

  and

BALTIMORE POLICE DEPARTMENT; UNKNOWN EMPLOYEES OF THE
BALTIMORE POLICE DEPARTMENT; STATE'S ATTORNEY,

       Defendants.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.
Stephanie A. Gallagher, District Judge. (1:20-cv-00795-SAG)

———————

Submitted: August 21, 2024                     Decided: October 15, 2024

———————

Before WILKINSON, KING, and AGEE, Circuit Judges.

———————

Dismissed and remanded by unpublished per curiam opinion.

———————

**ON BRIEF:** Jon Loevy, Renee Spence, Gayle Horn, Roshna Bala Keen, LOEVY & LOEVY, Chicago, Illinois, for Appellants. Ebony M. Thompson, City Solicitor, Matthew O. Bradford, Chief of Staff, Kara K. Lynch, Office of Legal Affairs, Michael P. Redmond, Director of Appellate Practice, CITY OF BALTIMORE LAW DEPARTMENT, Baltimore, Maryland, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Kenneth McPherson and Eric Simmons appeal from the district court's grant of summary judgment to two individual Baltimore City Police Department Detectives, Robert Patton and Detective Frank Barlow. Before addressing the merits of this appeal, however, we must ensure that we have jurisdiction to do so. For the reasons set out below, we hold that we lack jurisdiction, and therefore dismiss the appeal and remand to the district court for further proceedings.

I.

After serving decades in prison for Maryland state murder convictions, McPherson and Simmons were granted a writ of actual innocence under state law. The State elected not to retry the case and entered a *nolle prosequi* as to all charges. As a result, McPherson and Simmons were released from custody in May 2019.

Thereafter, McPherson and Simmons filed a complaint in the U.S. District Court for the District of Maryland alleging § 1983 and other claims against the Baltimore Police Department and individual law enforcement officers, including Patton and Barlow.[1] The district court entered an order granting summary judgment to two of those officers, Patton and Barlow. However, the claims against the Baltimore Police Department remain pending in the district court.

---

[1] The claims against the other individual defendants have been dismissed and are not at issue in this appeal.

3

After the district court entered the summary judgment order, McPherson and Simmons moved for entry of a Rule 54(b) judgment. The motion was unopposed.

In a paperless order, the district court granted the motion. The docket entry granting the motion provides no textual explanation to support that decision. The complete docket text associated with the order is as follows: "PAPERLESS ORDER GRANTING [149] Motion for Entry of Judgment under Rule 54(b). Signed by Judge Stephanie A. Gallagher on 9/1/2023. (hmls, Deputy Clerk)." J.A. 10233.

The district court subsequently entered a judgment order as to the claims against Barlow and Patton, but that order is similarly silent as to the court's reasoning, stating only that "[j]udgment is hereby entered in favor of Defendants Frank Barlow and Robert Patton against Plaintiffs Kenneth McPherson and Eric Simmons." J.A. 10235.

McPherson and Simmons filed a timely notice of appeal.

## II.

Under 28 U.S.C. § 1291, federal courts of appeal have jurisdiction "from all final decisions of the district courts of the United States." The Supreme Court has held that a "final decision[]" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). Corresponding to this rule, decisions that do not dispose of all claims against all parties, or

which do not resolve the appropriate relief to be awarded, are not final decisions. *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022).[2]

Federal Rule of Civil Procedure 54(b) permits a district court to direct entry of final judgment relating to what would otherwise be an interlocutory order because it does not resolve all claims against all parties. But to be effective, the district court must adhere to the Rule's precise requirements, including that the court "expressly determine[] that there is no just reason for delay." The Rule states, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In the case before us, the district court's order granting the unopposed motion to enter final judgment as to Patton and Barlow under Rule 54(b) does not follow the Rule's plainly stated requirement to "expressly determine[] that there is no just reason for delay." And without that finding, Rule 54(b)'s authorization to direct entry of a final order has not been satisfied. Accordingly, under the plain language of the Rule, "any order . . . however designated" is not final and can be revisited.

---

[2] We can exercise jurisdiction over some non-final decisions under 28 U.S.C. § 1292 and the collateral order doctrine, but those principles are not implicated in this case. McPherson and Simmons assert appellate jurisdiction exists because the district court's order became "final" for purposes of § 1291, and that is the sole inquiry at issue here.

In interpreting Rule 54(b), we have explained that district courts must "first determine whether the judgment is final, and second, determine whether there is no just reason for the delay in the entry of judgment." *Kinsale*, 31 F.4th at 873 (cleaned up). The second prong entails a "case-specific inquiry" considering five factors. *Id.* at 874 (citing *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335–36 (4th Cir. 1993)). And when deciding whether to certify a decision under Rule 54(b), we have charged district courts to "state [their] findings on the record or in its order" to aid in our normally deferential review on appeal. *Id.* (quoting *Braswell*, 2 F.3d at 1336); *see Braswell*, 2 F.3d at 1336 ("Where the district court is persuaded that Rule 54(b) [certification] is appropriate, the district court should state those findings on the record or in its order. . . . The [district court's] expression of clear and cogent findings of fact is crucial." (internal citations omitted)).

Consistent with the plain language of Rule 54(b) and this published case law, we routinely dismiss appeals when the district court's order purporting to enter final judgment under Rule 54(b) does not adhere to its "express determination" requirement. *See, e.g.*, *Young v. SWN Prod. Co.*, 2024 WL 1990936, *3 (4th Cir. May 6, 2024) (per curiam) ("In unpublished opinions, we've dismissed appeals when the Rule 54(b) certification didn't contain such an 'express determination.'. . . Several of our sister circuits agree." (internal citations omitted) (collecting unpublished Fourth Circuit cases and published out-of-circuit cases)); *Doe v. City of Gauley Bridge*, 2023 WL 5625250, * 1–2 (4th Cir. Aug. 31, 2023) (per curiam) (dismissing appeal from an order that had purportedly been certified under Rule 54(b) because the district court's order "didn't 'expressly determine[]' that there was

6

'no just reason for delay,' nor [did it] provide any reasoning to support such a finding [and] [i]nstead . . . merely granted the City's Rule 54(b) motion without explanation"); *Gelin v. Sherman*, 834 F. App'x 41, 43 (4th Cir. 2021) (per curiam) (dismissing for lack of jurisdiction when the district court's order granting a motion to certify under Rule 54(b) did "not contain an express determination that there is no just reason for delaying the entry of judgment" and, "contrary to our precedents, the certification order does not contain any findings or rationale in support of the Rule 54(b) certification").

Rule 54(b) does not permit any deviation from this course, and we therefore follow it in this case. Because the Rule has not been followed in purporting to enter final judgment as to Patton and Barlow, the order being appealed is not a "final decision" under § 1291. Accordingly, we dismiss the appeal for lack of jurisdiction and remand the case to the district court for any further proceedings consistent with this decision. Further, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*DISMISSED AND REMANDED*